UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARES D. STEVENS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 11cv5460-BHS-JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

Noting Date: April 6, 2012

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. (See ECF Nos. 16, 17, 18).

This matter should be reversed and remanded as the ALJ failed to consider properly the issue of whether or not Dr. Tina Shereen, M.D. was a treating physician and also failed to provide specific and legitimate reasons to discount her opinions.

## BACKGROUND

Plaintiff, ARES D. STEVENS, was thirty-nine years old on his date of alleged onset of disability of August 2, 2007 (Tr. 149). He has over a decade of work experience as a mover and a number of years of experience as a truck driver (Tr. 190). Plaintiff has at least the following severe impairments: asthma; effects of spinal/trunk fracture; substance use disorders; depression not otherwise specified; anxiety not otherwise specified; and personality disorder not otherwise specified (Tr. 18).

## PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income within a filing month of December, 2007(Tr. 149-54). Plaintiff's applications were denied initially and following reconsideration (Tr. 88-94, 100-08). Plaintiff's requested hearing was held before Administrative Law Judge John Bauer ("the ALJ") on December 4, 2009 (Tr. 27-80, 110-11).On January 27, 2010, the ALJ issued a written decision in which he found that plaintiff was not disabled pursuant to the Social Security Act at any time since August 2, 2007 through the date of the decision (Tr. 13-26). On April 15, 2011, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-4). See 20 C.F.R. § 404.981.

Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in June, 2011 (see ECF Nos. 1, 3). On August 31, 2011, defendant filed the sealed administrative record in this matter (see ECF No. 14). Plaintiff challenges (1) the ALJ's evaluation of the opinions of (a) treating physician Dr. Tina Shereen, M.D.;

and (b) non-examining state agency psychologists Drs. Peterson and Mee (Opening Brief, ECF No. 16, p. 1). Plaintiff also questions whether or not (3) substantial evidence supports the ALJ's evaluation of plaintiff's sleep apnea; and, (4) whether or not the ALJ complied with Social Security Ruling ("SSR") 00-4p regarding two of the three occupations underlying the ALJ's step-five decision regarding other work (id.). Plaintiff requests that this matter be reversed and remanded to the Commissioner for a new hearing (id., p. 2).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" Sandgathe v. Chater, 108 F.3d 978, 980 (1996) (per curiam) (*quoting* Andrews, supra, 53 F.3d at 1039). In addition, the Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" See Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing* Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of SSA, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing* SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (other citation omitted)); see also Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). In the context of social security

appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion. Stout, supra, 454 F.3d at 1054-55 (reviewing legal errors found to be harmless).

## DISCUSSION

1. <u>The ALJ failed to evaluate properly the medical evidence</u>.

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." Edlund v. Massanari, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); see also 20 C.F.R. § 416.902 (treating physician is one who provides treatment and has "ongoing treatment relationship" with claimant). The decision must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion." SSR 96-2p, 1996 SSR LEXIS 9. However, "[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting* Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (*citing* Baxter v. Sullivan, 923 F.2d

1391, 1396 (9th Cir. 1991); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, supra, 81 F.3d at 830-31 (*citing* Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick, supra, 157 F.3d at 725 (*citing* Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. Lester, supra, 81 F.3d at 830 (*citing* Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). On the other hand, an ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole. Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (*citing* Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, supra, 81 F.3d at 830 (citations omitted); see also 20 C.F.R. § 404.1527(d). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. Lester, supra, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in

the record." Tonapetyan, supra, 242 F.3d at 1149 (*citing* Magallanes, supra, 881 F.2d at 752). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." Van Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing* Lester, supra, 81 F.3d at 831); see also 20 C.F.R. § 404.1527(d)(2)(i) (when considering medical opinion evidence, the Commissioner will consider the length and extent of the treatment relationship).

    a. Dr. Tina Shereen, M.D. ("Dr. Shereen")

The ALJ mentions only the one evaluation provided by Dr. Shereen on October 16, 2007, specifying only that Dr. Shereen "commented that the claimant is 'severely limited due to psychiatric illness;'" that Dr. Shereen noted that plaintiff demonstrated psychiatric symptoms that impaired his ability to interact in groups; and, that he would be unemployable until he received mental health care (see Tr. 24). The ALJ failed to discuss any of the other examinations of plaintiff by Dr. Shereen.

From a review of the record, it appears that Dr. Shereen examined plaintiff on six occasions, including February 01, 2007 (Tr. 375-76); April 12, 2007(Tr. 373-74); July 17, 2007 (Tr. 369-70); August 15, 2007 (Tr. 367-68); September 24, 2007 (Tr. 365-66); and, December 17, 2007 (Tr. 363-64). For example, on August 15, 2007, Dr. Shereen evaluated plaintiff for his panic attacks, which she reported that he was having 3-4 times a week (Tr. 367). She indicated that plaintiff reported experiencing panic "often around driving," and she indicated his report of having an accident in April, 2007 (id.). Dr. Shereen also evaluated plaintiff on this occasion specifically for his dizziness, back pain

and possible blood in his urine (id.). Dr. Shereen assessed that plaintiff's anxiety disorder likely was "complicated by personality" disorder (Tr. 368). She indicated that plaintiff agreed to Dr. Shereen's referral to a psychiatrist, and that she recommended continuing his prescription for Paxil for his panic disorder (id.).

Dr. Shereen also specifically evaluated plaintiff for pain and anxiety on September 24, 2007 (Tr. 365-66). On this occasion, Dr. Shereen performed a physical examination (Tr. 365), as well as a psychiatric examination (Tr. 366). Regarding her psychiatric evaluation, Dr. Shereen observed that plaintiff had "flattened affect," was agitated and exhibited pressured speech (id.). She assessed that plaintiff was experiencing an exacerbation of his anxiety disorder and adjusted his prescription medication, restarting him on Paroxetine (i.e., Paxil) (id.). Dr. Shereen also emphasized to plaintiff the importance of receiving a psychiatric consultation (id.).

On October 16, 2007, Dr. Shereen examined plaintiff and observed that plaintiff was "extremely agitated" (Tr. 285). She also indicated her observations that plaintiff was "clearly anxious, unable to stop fidgeting," and that he left the room abruptly (id.). Dr. Shereen indicated her assessment that there was an "evident psychiatric illness" (id.). Dr. Shereen opined that plaintiff suffered from the highest level of degree of interference with his ability to perform basic work-related activities, rating the severity at 5/5 for the degree of interference from his anxiety disorder (Tr. 286). Through this rating of 5/5, Dr. Shereen indicated that plaintiff suffered from an "inability to perform one or more basic work activities," such as sitting, standing, walking, lifting, handling, carrying, seeing, hearing, communicating and understanding or following directions (id.). When asked to

indicate plaintiff's overall work level, Dr. Shereen opined that plaintiff was "severely limited due to psychiatric illness" (id.).

From the written decision, it appears that the ALJ was under the mistaken impression that Dr. Shereen only evaluated plaintiff on that one occasion (see id.). The ALJ included the following discussion in his written decision:

> I do not find these comments to be persuasive. While Dr. Shereen may have observed mental symptoms, the doctor did not perform a mental health evaluation. Moreover, such statements are inconsistent with the claimant's daily functioning and other reported activities, including attending support group meetings regularly and medical appointments. Therefore, less weight is accorded.

(Tr. 24).

The Court notes that the ALJ failed to credit fully Dr. Shereen's opinions in part as he found that Dr. Shereen "did not perform a mental health evaluation" (id.). This finding is not supported by substantial evidence in the record. First, as discussed, the Court has noted more than one occasion on which Dr. Shereen noted plaintiff's mental health symptoms and assessed his mental health. Although "anyone can have a conversation with a patient, [] appropriate knowledge, vocabulary and skills can elevate the clinician's 'conversation' to a 'mental status examination.'" Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). In addition, on September 24, 2007, Dr. Shereen explicitly conducted a psychiatric examination, noting plaintiff's flattened affect; lack of suicidal ideation; agitation; and, pressured speech (Tr. 366). Dr. Shereen also prescribed, or adjusted the prescriptions for, plaintiff in order to help him with his mental health issues, something unlikely to be done

multiple times by a licensed medical doctor without first performing a mental health evaluation (Tr. 364, 366, 368). The finding by the ALJ that Dr. Shereen "did not perform a mental health evaluation" does not provide support for the ALJ's failure to credit fully Dr. Shereen's opinions.

The ALJ also failed to credit Dr. Shereen's opinions fully as he found that a few of her statements on the October 16, 2007 evaluation form were "inconsistent with the claimant's daily functioning and other reported activities, including attending support group meetings regularly and medical appointments" (Tr. 24). The Court notes that the fact that Dr. Shereen opined that plaintiff demonstrated psychiatric symptoms that impaired his ability to interact in groups does not mean that she opined that it was impossible for him to attend his group meetings and medical appointments. Plaintiff may have suffered from an impaired ability to interact in the group, despite his presence at the group meeting. Even if plaintiff was able to go to the meetings and interact with the group, this fact still would not mean that plaintiff did not demonstrate psychiatric symptoms that impaired his ability to do so. Therefore, the ALJ's finding of an inconsistency between plaintiff's attendance at group meetings and Dr. Shereen's opinion that he demonstrated psychiatric symptoms that impaired his ability to interact in groups does not provide much support for his failure to credit fully Dr. Shereen's opinions. Any reliance on unspecified "other reported activities" provides little support for the ALJ's evaluation of Dr. Shereen's opinions as the reasons provided to discount her opinions at least must be specific. See Lester, supra, 81 F.3d at 830-31.

Plaintiff also contends that the ALJ erroneously referred to Dr. Shereen as an examining physician and contends that the ALJ therefore did not afford her opinions the appropriate weight (see Tr. 24). For example, more weight generally is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. See Lester, supra, 81 F.3d at 830. As the ALJ did not consider Dr. Shereen to be a treating physician, it is likely that the ALJ did not weigh Dr. Shereen's opinion on this basis. Similarly, a medical opinion from a treating physician "as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." See Edlund, supra, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14; see also SSR 96-2p, 1996 SSR LEXIS 9; 20 C.F.R. § 416.902. There is no evidence that the ALJ considered whether or not to give Dr. Shereen's opinion controlling weight and there is affirmative evidence that he failed to do so, as he referred to Dr. Shereen as an "examining physician" (see Tr. 24).

Defendant argues that Dr. Shereen didn't provide treatment for plaintiff, but only referred plaintiff to a psychiatric provider. However, the Court already has discussed the prescribing of psychotropic medication to plaintiff by Dr. Shereen; therefore, she treated plaintiff (see Tr. 366, 368; see also Tr. 364).

Defendant also argues that the ALJ correctly considered Dr. Shereen's opinion as one from an examining physician because Dr. Shereen only "met with plaintiff four times before he presented for an examination in support of paperwork for his application for state benefits" (Response, ECF No. 17, p. 8 (*citing* Tr. 364)). First, the Court notes that

the ALJ did not rely on the number of examinations of plaintiff by Dr. Shereen. See Bray, supra, 554 F.3d at 1226-27 ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); see also SEC, supra, 332 U.S. at 196. In fact, the ALJ failed to discuss any of the examinations of plaintiff by Dr. Shereen that occurred prior to his presentation seeking paperwork. Second, even if Dr. Shereen had only examined plaintiff four times and even if the ALJ had relied on this factor explicitly when finding that Dr. Shereen was not a treating physician, there is no rule that a physician must evaluate a patient more than a few times in order to be considered a treating source, although the duration of the relationship and the frequency of examinations are relevant. See 20 C.F.R. § 404.1502 (the Social Security Administration "may consider an acceptable medical source who has treated or evaluated [a claimant] only a few times or only after long intervals to be [the claimant's] treating source if the nature or frequency of the treatment or evaluation is typical for [the claimant's] condition(s)").

According to a relevant federal regulation, a treating physician is one "who provides [a claimant], or has provided [a claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 416.902. Dr. Shereen evaluated plaintiff and provided plaintiff with prescriptions for medications for mental health symptoms, thereby providing plaintiff with medical treatment. See id. It also appears from a review of the record that she had an ongoing treatment relationship with plaintiff. See id. For example, the Court notes that

Dr. Shereen explicitly indicated on October 16, 2007 that she would be "providing ongoing care" for plaintiff (Tr. 287).

Therefore, the Court concludes that the ALJ failed to evaluate properly the opinions of Dr. Shereen as a treating physician. In addition, the reasons offered by the ALJ provide little support for his failure to credit fully Dr. Shereen's opinions. As Dr. Shereen's opinions suggest greater limitation on plaintiff's ability to work than found by the ALJ, the errors in the ALJ's evaluation of Dr. Shereen's opinions were not harmless.

    b.  State agency medical consultants, Dr. Gerald L. Peterson, Ph.D. ("Dr. Peterson") and Dr. Sean Mee, Ph.D. ("Dr. Mee")

Regarding state agency medical consultants, the ALJ is "required to consider as opinion evidence" their findings, and also is "required to explain in his decision the weight given to such opinions." Sawyer v. Astrue, 303 Fed. Appx. 453, 455, 2008 U.S. App. LEXIS 27247 at **3 (9th Cir. 2008) (citations omitted) (unpublished opinion). However, even where the ALJ fails to discuss the state agency consultants' opinions, the decision may be upheld where "the ALJ's ultimate conclusion was supported by substantial evidence". Davis v. Barnhart, 71 Fed. Appx. 664, 667, 2003 U.S. App. LEXIS 15469 at **5 (9th Cir. 2003) (unpublished opinion).

Plaintiff challenges the ALJ's evaluation of the opinions of non-examining state agency psychologists Drs. Peterson and Mee. Defendant responds, in part, with justifications that were not offered by the ALJ, and hence, were not relied on by the ALJ. See Bray, supra, 554 F.3d at 1226-27 ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings

offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); see also SEC, supra, 332 U.S. at 196.

Plaintiff's main argument regarding the opinions of Drs. Peterson and Mee is that the ALJ gave their opinions "great weight," yet failed to account for their opinion that plaintiff could understand and recall one-to-two step instructions only, and that he likely would be "more inconsistent in recalling more complex instructions" (Tr. 23, 55-56, 70, 74, 450, 590). Defendant does not dispute that the residual functional capacity determination by the ALJ failed to contain explicitly a restriction to only one-to-two step instructions, but argues that the ALJ "included such restriction in the residual functional capacity by finding Plaintiff was limited to simple tasks" (Response, ECF No. 17, p. 4). According to defendant, a restriction to one-to-two step instructions was interchangeable with a restriction to perform simple tasks (see id., p. 6). Defendant does not provide any legal authority for this contention.

First, the Court notes that the ALJ did not indicate that he considered a restriction to one-to-two step instructions to be interchangeable with a restriction to performing simple tasks. See Bray, supra, 554 F.3d at 1226-27 ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); see also SEC, supra, 332 U.S. at 196. In addition, Dr. Peterson indicated no such opinion (see Tr. 450).

Plaintiff replies to defendant's argument by noting that plaintiff was found capable of performing work as a fast food worker, assembler, and garment worker, yet such jobs

appear to require understanding and recalling more than two-step instructions (Tr. 25-26; see also Reply, ECF No. 18, pp. 3-4 (*citing* Dictionary of Occupational Titles ("DOT") No. 311.472-010)). For the reasons stated and based on the relevant record, the Court concludes that following remand of this matter, the ALJ should address explicitly the restriction to one-to-two step instructions, as opined by Drs. Peterson and Mee.

    2. <u>Plaintiff's sleep apnea and the ALJ's Step Five findings should be evaluated anew following remand of this matter</u>.

The ALJ's review of plaintiff's sleep apnea included the following: "There is also very brief mention of sleep apnea (internal citation to Exhibit 25F). Given the meager development of this condition, it is found to be non-severe" (Tr. 18). However, the ALJ noted plaintiff's testimony that he felt tired during the day and that he napped 1 to 2 hours during the day (Tr. 20). The ALJ found that plaintiff suffered from moderate difficulties in his abilities regarding concentration, persistence and pace, but does not appear to have accounted for plaintiff's alleged need for naps during the day in his residual functional capacity determination or the hypothetical situations presented to the vocational expert (Tr. 19).

The Court already has concluded that this matter should be reversed and remanded due to the ALJ's errors in his review of the medical evidence, <u>see</u> <u>supra</u>, section 1. For this reason and based on the relevant record, the Court concludes that plaintiff's sleep apnea should be evaluated further following remand of this matter.

Similarly, the ALJ's Step Five finding regarding work that plaintiff could perform should be evaluated again, as it was based on an improper review of the medical evidence

and a potentially flawed residual functional capacity determination and resultant hypothetical. Following remand of this matter, plaintiff should be afforded a *de novo* hearing and should be able to present new arguments and evidence, as relevant to the appropriate period of time.

## CONCLUSION

The ALJ failed to consider properly the issue of whether or not Dr. Shereen was a treating physician and also failed to provide even specific and legitimate reasons to discount her opinions.

Based on these reasons and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 6, 2012, as noted in the caption.

Dated this 16th day of March, 2012.

J. Richard Creatura
United States Magistrate Judge